IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>) | STANDARD CRIMINAL |
| v. ) | DISCOVERY ORDER |
| )<br>)<br>_____ ) | |

This Standard Criminal Discovery Order will govern discovery in this case. The Court assumes the government intends to observe its usual "Open-File Policy." If the government does not intend to observe an Open-File Policy in this case, it is hereby directed to file a notice to that effect within **ten business days** of the filing of this Order, along with a proposal for how discovery should be handled.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defense counsel shall be allowed to inspect and photocopy (or be given photocopies), prior to trial, of the information, reports or objects discoverable under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure.

2. The government shall disclose to defense counsel all Brady material which is in the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence should become known to the attorney for the government. Disclosure under this paragraph will include the following:

   A. Evidence or information specifically requested by the defendant which is favorable to the accused and "material either to guilt or to punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963). Accord United States v. Agurs, 427 U.S. 97, 106 (1976); Sennett v. Sheriff of Fairfax County, 608 F.2d 537 (4th Cir. 1979). But cf. United States v. Billups, 692 F.2d 320, 325-26 (4th Cir. 1982) (defendant's twenty-five Brady requests too general to constitute "specific request" for documents withheld by the government).

   B. Evidence or information, whether or not specifically requested by the defense, which is of sufficient probative value as to create a reasonable doubt of the guilt or which tends to exculpate the accused. See United States v. Agurs, supra; Hamric v. Bailey, 386 F.2d 390, 393 (4th Cir. 1967); and Barbee v. Warden, Maryland Penitentiary, 331 F.2d 842 (4th Cir.1964).

C. Evidence or information indicating that the prosecution's case includes perjured testimony. See Alcorta v. Texas, 355 U.S. 28 (1957); and Campbell v. Reed, 594 F.2d 4 (4th Cir. 1979).

D. Evidence or information tending to discredit or impeach the credibility of a government witness, including plea agreements and prior criminal records (if known to the government). See Giglio v. United States, 405 U.S. 150, 154-55 (1972); Gordon v. United States, 344 U.S. 414 (1953); Chavis v. North Carolina, 637 F.2d 213 (4th Cir. 1980); United States v. Sutton, 542 F.2d 1239 (4th Cir. 1976); and Boone v. Paderick, 541 F.2d 447 (4th Cir. 1976).

3. Pursuant to Rule 12(b)(4), the government shall disclose to defense counsel its intention to use in its case in chief at trial any evidence which the defense may be entitled to discover under Rule 16. Unless it notifies defense counsel to the contrary, the government is deemed to intend to use all evidence referred to in its file which is discoverable by defense counsel pursuant to the government's Open-File Policy.

4. The government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments or copies thereof which are in the possession, custody or control of the government.

5. If disclosure is required under governing Supreme Court or Fourth Circuit authority, no later than one week before trial the government shall disclose to defense counsel the identity of any confidential informant who participated in or is otherwise a material witness to the commission of the offense(s) alleged in the indictment. See McCray v. Illinois, 386 U.S. 300, 311 (1967); Roviaro v. United States, 353 U.S. 53 (1957); United States v. Blevins, 960 F.2d 1252, 1258 (4th Cir. 1992); United States v. Mabry, 953 F.2d 127 130 (4th Cir. 1991); United States v. Price, 783 F.2d 1132, 1138 (4th Cir. 1986); and United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985). As per the cited authority, the government is not required to disclose the identity of confidential informants who are mere "tipsters" or "middlemen."

6. The government shall not be required to produce a list of the witnesses it will call at trial. Discovery in this case is governed by Rule 16 of the Federal Rules of Criminal Procedure. The Conference Committee Notes contained in the annotations to the Rule (Conf. Comm. Notes), House Report No. 94-414) provide:

> The Senate version of the bill eliminates these provisions [3-day advance witness list in noncapital cases], thereby making the names and addresses of a party's witnesses nondiscoverable... A majority of Conferees believe it is not in the interest of effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial.

In light of the above-quoted legislative history, and the fact that the United States Attorney maintains an Open-File Policy in this district (with the availability of names of likely witnesses from the government's file), witness lists will not be discoverable absent a special

showing of need. This special showing must be more than a general need to prepare for trial or cross-examination. See Cissell, Federal Criminal Trials, Michie Co., 1987, pp.246-249. Accord United States v. Anderson, 481 F.2d 685 (4th Cir. 1973), aff'd, 417 U.S. 211 (1974); and United States v. Hutchings, 751 F.2d 230 (8th Cir. 1984).

7. The government shall advise defense counsel of its use of any mechanical or electronic surveillance of the defendant in this case. Disclosure of the contents of any such surveillance recordings will be made only to the extent required by paragraphs 1 and 2 of this Order. The government will not be required to inquire of any state agencies about the surveillance of the defendant by such agencies, see Reddy v. Jones, 572 F.2d 979 (4th Cir. 1977); however, if surveillance of the defendant has been conducted by any state and the government has received the results of such surveillance, it shall reveal the existence of the surveillance to defense counsel and shall disclose the results of the surveillance to the extent that such disclosure is required under paragraphs 1 and 2 of this Order.

8. If a mail cover or telegraph intercept has been used in the investigation of the defendant, the government shall promptly so advise defense counsel.

9. No later than two weeks before the scheduled date for trial, the government shall disclose to defense counsel any evidence the government will offer under Rules 404(b) or 807 of the Federal Rules of Evidence.

10. No later than one week before trial, the government shall make all government witnesses who are in protective custody, or otherwise under government control, available to defense counsel for interview. "[D]efense counsel [will be allowed] to hear directly from the witness[es] whether [they are] willing to talk to the defense attorney, either alone or in the presence of his attorney." United States v. Walton, 602 F2d 1176, 1180 (4th Cir. 1979). The government may petition the court for an ex parte determination of the applicability of this Order to any particular government witness. However, it remains defense counsel's responsibility to make arrangements with the appropriate authorities to interview any government witnesses in custody at the Mecklenburg County Jail or other local detention facilities.

11. The government shall preserve all evidence or records arguable subject to disclosure under any of the Federal Rules of Criminal Procedure, or under Brady and its progeny, see Chavis v. North Carolina, 637 F.2d 213 (4th Cir. 1980); however, the government need not preserve the rough interview notes of a government agent once the notes have been incorporated in a formal report. United States v. Hinton, 719 F.2d 711 (4th Cir. 1983).

12. Any request for a James hearing to determine the existence of a conspiracy before trial is hereby denied. United States v. Hines, 717 F.2d 1481 (4th Cir. 1983).

13. The government is encouraged, but not required, to provide early disclosure of Jencks Act material. 18 U.S.C. § 3500. See also United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

14. The government shall not be required to disclose ongoing investigations of a

defendant or potential indictments. The "Petite" policy is no more than a "housekeeping provision" and does not entitle the defendant to such relief. United States v. Howard, 590 F.2d 564, 567-68 (4th Cir. 1979).

15. The government shall not be required to disclose statements of co-conspirators or co-defendants. United States v. Roberts, 811 F.2d 257 (4th Cir. 1987).

16. If the government has used any branch of the United States military in the investigation of this case, the United States Attorney shall so advise defense counsel.

17. Defense counsel shall be allowed to file additional motions beyond the deadline set forth in the standard arraignment order only upon a showing of good cause for the late filing.

18. In multiple defendant cases, counsel may adopt motions of co-defendants by filing a "Notice of Intention to Adopt Motions of Co-Defendants" at any time before the deadlines for filing such motions has passed. The U.S. Attorney's Office shall be served with a copy of defendant's Notice, but no further motion shall be necessary. The U.S. Attorney's Office may object to the Notice as untimely or on any other appropriate grounds. Provided further, should counsel for the defendant file a motion for this purpose (rather than the authorized Notice), said motion is hereby granted.

19. Unless another date has been specified, discovery shall initially be provided to defense counsel no later than **ten days** after the filing of this Order, or of the appointment or general appearance of counsel, whichever occurs last. However, it is understood that documents and other information may be placed in the government's file beyond the prescribed ten (10) day period, and nothing in this Order shall relieve defense counsel of his or her ongoing obligation to review the government's file in such an instance. In the event of a dispute, any terms and conditions regarding the Open-File Policy to which the government and defense counsel have agreed shall be binding upon the parties unless such terms and conditions are clearly unfair or unreasonable.

20. At such time as the government provides defense counsel with discovery under Rule 16(a)(1), defense counsel shall provide the government with reciprocal discovery under Rule 16(b)(1), as requested by the government's Open-File Policy.

21. Any discovery material, including but not limited to, statements and summaries of interviews of witnesses made available for review by the prosecution to the defense, **shall not be used by the defendant or his attorney for any purpose other than in direct relationship to the case and no further disclosure shall be made of these items.**

22. If requested, any documents turned over to defense counsel shall be returned immediately to attorneys for the United States upon disposition of this case.

23. Notices of future proceedings shall be sent to defense counsel only. It shall be the joint responsibility of both counsel and the defendant to insure that the defendant promptly receives notice of when and where his future appearance is required.

The Clerk is directed to send copies of this Order to defense counsel and the United States Attorney's Office.

Dated:

_____
Dennis L. Howell
United States Magistrate Judge